IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PERLICK CORPORATION,<br><br>               Plaintiff,<br><br>v.<br><br>KROWNE METAL CORPORATION,<br><br>               Defendant. | Civil Action No. 6:21-cv-1257<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Perlick Corporation ("Perlick" or "Plaintiff"), for its Complaint against Defendant Krowne Metal Corporation, (referred to herein as "Krowne" or "Defendant"), alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2. Plaintiff Perlick is a corporation organized under the laws of the Wisconsin with a place of business at 8300 W. Good Hope Rd, Milwaukee, WI 53223.

3. Upon information and belief, Krowne is a corporation organized under the laws of the New Jersey with a place of business at 100 Haul Road, Wayne NJ, 07470.  Upon information and belief, Krowne sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      Venue is proper in this judicial district under 28 U.S.C. § 1400(b).

7.      This Court has personal jurisdiction over Krowne under the laws of the of Texas, due at least to their substantial business in Texas and in this judicial district, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in the State of Texas.  Venue is also proper in this district because Krowne has a regular and established place of business in this district.  For instance, Krowne has sold, offered to sell, made, used, and/or provided and caused to be used products in this judicial district.  For example, Krowne has a sales representative located at 2407 S. Congress Ave. Suite E114, Austin, TX.  (*See, e.g.*, https://krowne.com/rep-locator/.)  To purchase Krowne products customers are instructed to contact a sales representative within their territory.  Texas, including this judicial district, is listed on the Krowne website as a territory having a sales representative.  When entering the Krowne website to purchase a product a customer may go to the homepage, (*see e.g. https://krowne.com/*) then go to the products tab (*see e.g. https://krowne.com/product-showcase*), and select a product from the refrigeration selection (*see e.g., https://krowne.com/product-showcase/refrigeration/*.)  Once at the product the customer is directed to a "how to buy" button (*see e.g., https://krowne.com/product-showcase/refrigeration/self-contained-back-bar-refrigeration/bs108l-kss*.)  This button directs the customer to the sales representative page (*see e.g. https://krowne.com/rep-locator/* .)  This page provides the sale representatives a customer

may contact to purchase products. This page also explains, under "Find a Representative" that if you would like to begin purchasing from Krowne immediately, "you can contact any one of our representatives."

## BACKGROUND

### The Invention

8.      Mr. Frederick G. Luehrs, Mr. Henry Groth, Jr., Mr. Karl R. Krumbiegal, Mr. Ryan K. Marks, Mr. Kevin M. Rehm, Mr. Gottfried Urban, Mr. Timothy Alan Gilbertson, and Mr. Dennis Weigand are the inventors of U.S. Patent No 7,451,614 ("the '641 patent"). A true and correct copy of the '614 patent is attached as Exhibit A.

9.      The '614 patent resulted from the pioneering efforts of Mr. Frederick G. Luehrs, Mr. Henry Groth, Jr., Mr. Karl R. Krumbiegal, Mr. Ryan K. Marks, Mr. Kevin M. Rehm, Mr. Gottfried Urban, Mr. Timothy Alan Gilbertson, and Mr. Dennis Weigand (hereinafter "the Inventors") in the area of refrigeration. These efforts resulted in the development of a method and apparatus for Refrigeration System and Components Thereof in the early 2000s. At the time of these pioneering efforts, the most widely implemented technology used to address refrigeration systems with at least two cooling zones was circulation of air from one section to another. In that type of system, a signification amount of energy was used, loud noises where produced, and multiple compressors or fans were required. The Inventors conceived of the inventions claimed in the '614 patent as a way to provide a refrigeration system that is cost-effective to manufacture, efficient to operate, relatively quiet when functioning, and overcomes particular deficiencies found in then-existing technologies.

10.     For example, the Inventors developed a multi temperature zone refrigeration system with a single compressor for at least two temperature cooling zones. The refrigeration system having a temperature divider, a heat transfer substance and a heat exchange chamber.

**Advantage Over the Prior Art**

11.     The patented invention disclosed in the '614 patent, provides many advantages over the prior art, and in particular improved the operations of cooling multiple temperature zone refrigeration systems.  (*See* '614 patent at 2:7-10.)  One advantage of the patented invention is a container with two different temperature cooling zones, separated by a divider having a wall and partition, wherein the partition has a heat transfer plate with a sheet and heat transfer substance attached to keep from needing multiple compressors or fans.  (*See* '614 patent at 2:11-17.)

12.     Because of the significant advantages that can be achieved through the use of the patented invention, Perlick believes that the '614 patent presents significant commercial value for companies like Krowne.  Indeed, the invention allows, for instance, restaurants, bars or other areas serving food and/or beverages to have a single cooling system with two temperature zones.  These temperature zones may be, for example, a freezing zone and a refrigeration zone.

**Technological Innovation**

13.     The patented invention disclosed in the '614 patent resolves technical problems related to refrigeration systems, particularly problems related to the utilization of multiple cooling temperature zones.  As the '614 patent explains, one of the limitations of the prior art as regards to the cooling of multiple temperature zones in a refrigeration system was that cycling the compressor required a significate amount of energy and created loud noises, there was buildup on the heat exchange elements, and a need for use of multiple compressors or fans.  (*See* '614 patent at 1:6-2:3.)

14.     The claims of the '614 patent recite inventive concepts that are deeply rooted in engineering technology, and overcome problems specifically arising out of how to provide a

refrigeration system that is cost-effective to manufacture, efficient to operate, relatively quiet when functioning, and overcomes particular deficiencies found in prior technology.

15. In addition, the claims of the '614 patent recite inventive concepts that improve the functioning of a refrigeration system particularly in making the refrigeration system more efficient and quieter while overcoming deficiencies in the technology.

16. Moreover, the claims of the '614 patent recite inventive concepts that are not merely routine or conventional use of refrigeration systems. Instead, the patented inventions disclosed in the '614 patent provide new and novel solutions to specific problems related to improving refrigeration systems.

17. And finally, the patented invention disclosed in the '614 patent does not preempt all the ways that cooling systems may be used to improve the refrigeration systems, nor does the '614 patent preempt any other well-known or prior art technology.

18. Accordingly, the claims in the '614 patent recite a combination of elements sufficient to ensure that the claim in substance and in practice amounts to significantly more than a patent-ineligible abstract idea.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,451,614

19. The allegations set forth in the foregoing paragraphs 1 through 22 are incorporated into this First Claim for Relief.

20. On November 18, 2008, the '614 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Refrigeration System and Components Thereof."

21. Perlick is the assignee and owner of the right, title and interest in and to the '614 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

22. Upon information and belief, Krowne has and continues to directly infringe one or more claims of the '614 patent by selling, offering to sell, making, using, and/or providing and causing to be used products, specifically one or more Krowne refrigerators, which by way of example include without limitation Models BS60 and BS108 found at https://krowne.com/product-showcase/refrigeration (the "Accused Instrumentalities").

23. Exemplary infringement analysis showing infringement of claim 17 of the '614 patent is set forth in Exhibit B.  This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Krowne with respect to the '614 patent. Perlick reserves all rights to amend, supplement and modify this preliminary infringement analysis.  Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '614 patent.

24. The Accused Instrumentality infringed and continues to infringe at least claim 17 of the '614 patent during the pendency of the '614 patent.

25. On information and belief, Krowne had knowledge of that patent.  Krowne received at notice letter regarding the '614 patent on March 26, 2021.  Krowne acknowledged this letter on April 1, 2021.

26. Perlick has been harmed by the Krowne's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Perlick demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Perlick demands judgment for itself and against Krowne as follows:

A. An adjudication that the Krowne has infringed the '614 patent;

B.      An award of damages to be paid by Krowne adequate to compensate Perlick for Krowne's past infringement of the '614 patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.      A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Perlick's reasonable attorneys' fees; and

D.      An award to Perlick of such further relief at law or in equity as the Court deems just and proper.

Dated: December 2, 2021                    DEVLIN LAW FIRM LLC

/s/Timothy Devlin
Timothy Devlin
Derek F. Dahlgren (to be admitted *pro hac vice*)
Mariam Clayton (to be admitted *pro hac vice*)
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251
tdevlin@devlinlawfirm.com
ddahlgren@devlinlawfirm.com
mclayton@devlinlawfirm.com

*Attorneys for Plaintiff*
*Perlick Corporation*